IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY KEYTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-802-SLR |
| | ) |
| AIR INDIA OFFICERS, et al., | ) |
| | ) |
| Defendants. | ) |

**SHOW CAUSE AND MEMORANDUM ORDER**

At Wilmington this 19th day of October, 2010;

IT IS ORDERED that the complaint is dismissed and plaintiff shall show cause why he should not be enjoined from filing further actions in this court, for the reasons that follow:

1. **Background.** On September 13, 2010, plaintiff Anthony Keyter ("plaintiff") of Gig Harbor, Washington, filed a criminal complaint against Air India and Boeing Company Officials alleging murder against all co-conspirators in an international terrorism plot, along with a multi-media document. (D.I. 1, 2) He appears pro se and did not pay the required $350 filing fee or submit an application to proceed without prepaying fees or costs. A review of the U.S. Party/Case Index indicates that plaintiff is a frequent filer and is well aware of the filing fee requirements. He has filed complaints in various federal courts around the country, seeking to initiate criminal prosecutions. See *Keyter v. Bush*, Civ. No. 08-97, 2008 WL 613129, at *2 (D. Del. Mar. 5, 2008) (noting plaintiff's litigious activities in Arizona, Delaware, District of Columbia, Texas, and Washington). Additionally, some of plaintiff's actions have resulted in orders prohibiting

him from filing further lawsuits without leave of court. *See Keyter v. 535 Members of the 110th Congress*, 277 F. App'x 825 (10th Cir. 2008) (not published) (enjoining plaintiff from proceeding unless he is represented by a licensed attorney or unless he first obtains permission to proceed pro se); *Keyter v. McCain,* 207 F. App'x 801 (9th Cir. 2006) (not published) (affirming district court prohibiting plaintiff from filing future claims arising from the subject matter of the case); *Keyter v. Locke*, 182 F. App'x 684 (9th Cir. 2006) (affirming district court prohibiting plaintiff from filing future claims arising from the subject matter of the case against any of the named defendants or proposed additional 51 defendants); *Keyter v. United States*, No. 08-5235-RBL (W.D. Wash. May 13, 2008) (prohibiting plaintiff from filing further suits arising from his previous divorce and the resulting actions to remedy the alleged injustices); *Keyter v. 230 Government Officers*, 372 F. Supp. 2d 604, 611 (W.D. Wash. 2005) (plaintiff prohibited from further filings related to the subject matter of his claims against then President Bush allegedly arising out of the president's reckless disregard of his duties by not prosecuting various individuals in the State of Washington).

2. This is the third case plaintiff has filed in this district. After his second filing in Civ. No. 10-36-SLR, plaintiff was warned that could be enjoined from filing further actions in this court. He did not heed the warning.

3. **Standard of Review.** "[F]ederal courts do not have power to entertain claims otherwise in their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit,' . . . 'wholly insubstantial,' . . . 'obviously frivolous,' [or] 'plainly unsubstantial.'" *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007) (not

published) (quoting *Hagans v. Lavine*, 415 U.S. 528, 537-38 (1974)). A court can dismiss a claim *sua sponte* if it is insufficiently plead under Rule 8(a)(2). *See Hines v. Rimtec Corp.*, Civ. No. 07-966, 2007 WL 2332193, at *1 (D.N.J. Aug.13, 2007); *see also Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action").

4. Rule 8(a)(2) requires a litigant to set forth "a short and plain statement of the claim," and Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1). Unduly lengthy and/or rambling pleadings fail to satisfy the requirements of Rule 8. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); *Burks v. City of Philadelphia,* 904 F. Supp. 421, 424 (E.D. Pa. 1995) (district court struck pleading that failed to contain a short and plain statement of claims as it represented a "gross departure from the letter and the spirit of Rule 8(a)(2)"). Although a Rule 8 dismissal is often without prejudice, *see Bennett-Nelson v. Louisiana Bd. of Regents,* 431 F.3d 448, 450 (5th Cir. 2005), under certain circumstances dismissal with prejudice is warranted. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702-04 (3d Cir.1996); *Stephanatos v. Cohen*, 236 F. App'x at 787.

5. Additionally, the court has broad discretion in deciding whether to dismiss an action with prejudice pursuant to its inherent authority to manage its docket. *Lee v. Krieg*, 227 F. App'x 146, 148 (3d Cir. 2007) (not published). Indeed, a court has the inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," including the authority to control who may appear before the court. *Chambers v. Nasco*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Finally the court may curtail amendment of the complaint where there is "futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

6. **Criminal Actions**. Plaintiff filed this criminal complaint against numerous individuals on the board of directors of Air India and Boeing Company. As plaintiff well knows, as a private citizen, he does not have the legal authority to initiate a criminal prosecution, to file a criminal action demanding that a criminal prosecution be filed, or to file a criminal action demanding that the court appoint a prosecutor to prosecute violations of criminal law he alleges defendants committed. *Keyter v. Senators of the 111th Congress*, Civ. Nos. 9-516-B-W, 9-517-B-W, 9-518-B-W, 2009 WL 3839335, at *1 (D. Me. Nov. 17, 2009). Plaintiff's criminal allegations fail to state a cause of action, as individual citizens do not have a constitutional right to the prosecution of alleged criminals. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). *See also Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a

United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer of probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and . . . indictment by a grand jury."). Nor is there any authority for the proposition that upon a complaint by a private citizen a court must appoint a prosecutor or request the government name a prosecutor to prosecute the private citizen's allegations of criminal conduct to a court. *Keyter v. Senators of the 111th Congress,* 2009 WL 3839335, at *1.

7. **Show Cause**. Once again, it appears that plaintiff filed suit in this court in an attempt to circumvent those orders enjoining him from further filings in other jurisdictions. Again, the court concludes that plaintiff is attempting to use this court to pursue abusive and vexatious litigation as he continues to engage in a pattern of filing lawsuits that attempt to bring criminal charges. Because of plaintiff's vexatious litigious actions, this court has the power to enjoin him from filing meritless pleadings that duplicate ones already adjudicated. 28 U.S.C. § 1651; *See Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (not published). Therefore, plaintiff is hereby **ORDERED** to show cause, in writing, on or before **November 15, 2010**, why he should not be enjoined from filing, without prior authorization of the court, any complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus, that attempts to file criminal charges or that has attenuated or no connections to the District of Delaware.

8. **Conclusion**. For the above reasons, all pending motions are denied as moot and the complaint is dismissed. Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). In addition, plaintiff shall show cause, in writing, as outlined in paragraph 7 above, why he should not be enjoined from filing future lawsuits in the District of Delaware.

UNITED STATES DISTRICT JUDGE