IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY KEYTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-802-SLR |
| | ) |
| AIR INDIA OFFICERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this ⟨⟩ day of December, 2010;

1. **Background.** Plaintiff Anthony Keyter ("plaintiff"), a pro se litigant, has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process.[1] On October 21, 2010, the court ordered plaintiff to show cause why he should not be enjoined from filing in the United States District Court for the District of Delaware, without prior authorization of the court, any complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus, that attempts to file criminal charges or that has attenuated or no connections to the District of Delaware.

2. **Standard of Review.** A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated. 28 U.S.C. § 1651; See *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (not published). The court, in seeking to enjoin plaintiff as a vexatious litigant from future litigation, provided him sufficient

---

[1]Plaintiff's litigation history is more fully described in the court's October 21, 2010 show cause and memorandum order. (D.I. 5)

notice and an opportunity to be heard in the form of a show cause order entered October 21, 2010. (D.I. 5); See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

3. **Discussion**. Plaintiff responded to the show cause order and argued that he should not be enjoined from reporting known criminal acts. He believes the court is misguided and contends that certain felonies fall under this court's jurisdiction. In addition, he states that he should not be precluded from reporting known crimes in which the undersigned and other judges in this court are implicated. Plaintiff contends "there is a major seditious conspiracy afoot within the courts and within the government of the United States with intent to, by violence, obstruct the administration of the laws, defeat the course of justice, provide protection to known criminals, and to deny constitutional rights to due process and protection of the laws." Plaintiff argues that, as the complaining witness, his task is complete once he makes the crimes known to the court or some other authority.

4. The court finds that plaintiff has failed to appropriately respond to the court's show cause order. He contends that he should be able to report crimes to the court. As plaintiff has been advised in prior rulings, as a private citizen, he does not have the legal authority to initiate a criminal prosecution, yet he continues to persist in his filings with no regard for the law. Accordingly, plaintiff has failed to adequately respond to the show cause order.

5. **Conclusion**. Plaintiff has failed to show cause why he should not be enjoined from filing, without prior authorization of the court, any complaint, lawsuit,

bankruptcy appeal or petition for writ of mandamus, that attempts to file criminal charges or that has attenuated or no connections to the District of Delaware.

IT IS THEREFORE ORDERED that:

1. Plaintiff is hereby enjoined from filing, without prior authorization of the court, any complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus, that attempts to file criminal charges or that has attenuated or no connections to the District of Delaware.

2. Plaintiff must file a motion for leave to file with any document he proposes to file and must attach a copy of this memorandum order to it. The motion shall be filed as a miscellaneous case.

3. As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue which has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.

4. The court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. The failure to comply with this memorandum order shall be sufficient grounds for this court to deny any motion for leave to file.

5. If the motion for leave to file is granted, plaintiff shall submit the order as evidence that he has obtained the permission of the court for the filing.

6. No document submitted by plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless

the document contains an affidavit or sworn declaration as required by this memorandum order, and a copy of this memorandum order.

7. The clerk's office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshal forms, in connection with a motion for leave to file, unless and until leave is granted.

_____
UNITED STATES DISTRICT JUDGE